## WATSON v. POAGUE ET AL.

1. **Promissory Note:** EQUITY: BANKRUPTCY. Where the maker of a note paid but a part of the amount due thereon at maturity, and within four months afterwards was thrown into bankruptcy, and the sureties then paid the balance due to the clerk of the payee who, in ignorance of the circumstances, thereupon surrendered to them the note, it was *held* that, since the amount paid by the maker had been recovered by the assignee, equity would decree a cancellation of the indorsement, and hold the sureties liable for the unpaid balance of the note.

2. ——: ——: FRAUD. The receipt of the payment, although constituting a fraudulent preference under the bankrupt act, was not an actual fraud depriving the payee of title to equitable relief.

3. ——: SURETY. While a surety might be misled, to his prejudice, by the acceptance of payment from a bankrupt debtor, yet he is not thereby discharged if the creditor acts in good faith and is without fault.

*Appeal from Benton District Court.*

TUESDAY, APRIL 4.

THE plaintiff held a promissory note for $500, executed jointly by the defendants and one John W. Griffith. After the note became due Griffith made a payment on the note of $409.65, and within four months thereafter was adjudged a bankrupt on the petition of creditors other than the plaintiff. After the adjudication in bankruptcy the defendants, Poague and Wood, paid to the plaintiff's clerk (who was ignorant of the circumstances), the balance of the note and took it up.

The assignee in bankruptcy recovered of plaintiff the amount which had been paid him by Griffith. He now brings this suit in equity, praying that the defendants be ordered to deliver up said note; that the indorsement thereon of the said sum of $409.64, paid by Griffith, be declared void, and that the plaintiff have judgment against the defendants for that sum with interests and costs. Judgment for the plaintiff for the sum of $610.85 and costs. Defendants appeal.

*Shane & Cooper*, for appellants.

A mere mistake of law, unattended by special circumstances, will furnish no ground for relief in equity. (1 Story's Eq. Jur., 125-6, 157-9; *Shaffer v. Daws*, 13 Ill., 396.) Chancery will not relieve a party against a mere mistake of law, when the adverse party has been guilty of no fraud or unfair practice. (*Crozier v. Ayres*, 7 Paige, 137; *Moorman & Greene v. Cullen*, 32 Iowa, 140; Perry on Trusts, pp. 157-8.) Equity will not relieve against the party's own negligence. (*Shricker v. Field*, 9 Iowa, 372; *Butcher & Cox v. Buchanan*, 17 Id., 85; *Wright, Dryden & Co. v. Flynn*, 33 Id., 159.) Ignorance of the law is no excuse. (*Storrs & Brooks v. Baker*, 6 Johns. Ch., 169.)

*St. Clair & Nichols*, for appellee.

The receipt of payment by the creditor within the time fixed by the bankrupt act as constituting fraudulent preference may have been constructive, but certainly was not *actual* or *intentional* fraud. Courts not unfrequently relieve against innocent mistakes unmixed with any fault of the applicant. (*Butcher & Cox v. Buchanan*, 17 Iowa, 85.)

ADAMS, J.—It is claimed by the said Poague and Wood, defendants and appellants, that the plaintiff is not entitled to recover in this case because, 1st. If the indorsement was made by mistake it was a mistake of the law. 2d. That he obtained the payment by fraud, and having lost the advantage of his fraud, a court of equity will not now relieve him, and 3d. That by receiving payment he precluded the defendants from protecting themselves.

The true ground of the plaintiff's relief is, not that the indorsement was made by mistake, but that he lost the benefit of the payment for which the indorsement was made on account of the subsequent proceedings in bankruptcy, an event which at the time of payment was wholly contingent, and, therefore, beyond the knowledge of any human being.

1. PROMISSORY note: equity: bankruptcy.

Watson v. Poague.

It was immaterial whether he did or did not know the provisions of the bankrupt act, or whether he did or did not know that Griffith was insolvent. It was proper for him to receive the payment. But if he received it knowing that Griffith was insolvent, he received it subject to the rightful claim of an assignee in bankruptcy, if an adjudication in bankruptcy should take place upon a petition filed within four months thereafter.

It is true that the receiving of the payment under such circumstances is called, in the bankrupt act, accepting a fraudulent preference, but it was not an actual fraud, nor would it have been even a constructive fraud if an adjudication in bankruptcy had not taken place upon a petition filed within four months.

2. ——: ——: fraud.

Besides, whatever was done was not done with intent to wrong the defendants, but rather to protect them. If plaintiff had declined to receive the payment, especially if Griffith was insolvent, the defendants might justly have complained.

There was at least a possibility that no adjudication in bankruptcy would take place upon a petition filed within four months. But it did take place, and now the plaintiff asks relief, not against his own fraud, but because the payment which he properly received has been held, by reason of what afterwards transpired, and under the peculiar provisions of the bankrupt law, to have been made to him in trust for all the creditors of Griffith.

It is not impossible that the acceptance of a payment by a creditor from his bankrupt debtor might mislead a surety of the debtor to his injury, but that, we think, would be the surety's misfortune rather than a ground of defense in a case like this, where the creditor had acted in good faith towards the surety, and had been reasonably diligent to save him from loss. A surety cannot be discharged where the creditor is without fault.

3. ——: surety.

By a mistake in computation the decree as rendered was too large by $12.03. It should be reduced by that amount.

With this modification the decree is

AFFIRMED.