CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
F. C. Wellman drew his bill of exchange addressed to W. F. Duerson, requesting him to pay to Parks, four months after date, the sum of $2,500 at the First National Bank at Jeffersonville, Indiana. The bill was accepted by Duerson, and sold by Parks to George B. Cooke, and by him sold and indorsed to the Northern Bank of Kentucky. It was not paid at maturity, and was duly protested, and all necessary steps taken to hold the drawer and indorsers liable to the holder.
Some time after the dishonor of the bill it was paid off and taken up by the accept,or, Duerson. Within four months next after this payment Duerson was adjudged a bankrupt, on the petition of one of his creditors, and in a short time thereafter Gardner, his assignee, instituted his action in the U. S. District Court, sitting as a court of bankruptcy, against the Northern Bank, and charged, in substance, that Duerson was insolvent when he paid the bill; that he made the payment with a view to prefer the bank; and that it then had reasonable ground to believe he was insolvent, and intended to give it a preference, contrary to the provisions of section 35 of the bankrupt act. Upon issue joined as to whether the bank did have reasonable ground to believe that Duerson was insolvent, and that the payment was made in fraud of the bankrupt act, a trial was had .and the bank was adjudged to pay, and did pay, the sum received from Duerson to his assignee.
*343 It thereupon instituted this action against Cooke, who sold and indorsed the bill of exchange to it, and set up all these .facts, and insists that the payment of Duerson was void in law, and, therefore, no payment at all, and that Cooke is still bound to it on his contract as indorser. He defends and denies that the payment by Duerson was void, and insists that the bank voluntarily accepted it in violation of law, and thereby suspended his right to indemnify himself out of the estate of Duerson, for whom he was bound as surety, as well as out of the estates of the payee and maker of the bill, and thus released him from, his liability as indorser.
The court of common pleas adopted this view of the law, and instructed the jury to find for Cooke, and the bank has appealed to this court.
A case, in its leading features very similar to this, was' decided by the Supreme Court of Iowa in the summer- of 1876. That court held that the creditor should be regarded as receiving payment from the principal debtor with the intent rather to protect than to injure the surety; and that although the- acceptance of payment by the creditor from his bankrupt debtor may mislead a surety to his injury, it will be the surety’s misfortune; and if the creditor-acts in good faith, and is without fault, the surety will not be relieved in case the-debtor is thrown .into bankruptcy and the payment recovered back by his assignee. (Watson v. Poague, 42 Iowa, 582.)
It is a little remarkable that neither the court, nor the counsel engaged in that cause, refer to the case of Bartholow v. Bean (18 Wallace, 635), decided by the Supreme Court of the United States in 1875. In that ease the opposite doctrine was announced, the coui’t saying that in such a case it is .’the duty of the creditor, made so by the bankrupt act, to refuse to receive the proffered payment; and that the right of a surety to set up a tender by the debtor, and refusal by the creditor to receive payment, as a defense to an action against him, would *344 not be sustained by any court of law or equity. Counsel for appellant maintain that this ruling is a dictum, and therefore not to be regarded as authority. The direct question was not involved, but it was certainly pertinent to the main question in issue in the case, and may be presumed to have received the serious consideration of the court. But .we incline to regard the doctrine as too broadly stated, and do not concur fully with the conclusion reached in either of these cases.
The judgment in favor of the assignee of Duerson is essential to establish that the bank was compelled to refund the money paid in by the bankrupt, and without establishing that material fact, it has no foundation whatever for its claim against Cooke. But said judgment establishes conclusively the further fact that the payment from Duerson was accepted with implied notice of his insolvency, and of his intention to defraud the bankrupt act.
In view of these facts the bank was not bound absolutely to become the beneficiary of the intended disregard of law. Neither was it bound absolutely to refuse to accept the proffered payment. Its acceptance would not have -involved the commission of an actual fraud, but the mere obtaining of a preference which it could not hold in a given contingency. But it could not be compelled to take the risk of being able to justify its refusal in case the debtor should not, within the prescribed time, be adjudged a bankrupt.
The peculiar provisions of the bankrupt law must be regarded as changing, in cases like this, the obligations due from a creditor to the sureties of his insolvent debtor. Here it was the duty of the bank to communicate to Cooke the facts within its knowledge, before finally acting on Duerson’s offer to pay. If it had so communicated this knowledge, and Cooke had then declined to advise it as to the course it should pursue, it might have refused to accept payment; or if he insisted on a different course, it might have accepted it, and he would *345 undoubtedly have been precluded from setting up the defense now relied on. But when, without his consent, the payment was accepted, to obtain an inhibited preference, and he thereby disabled, for the time being, from taking steps to indemnify himself, either by proceeding against the drawer or payee of the bill, or out of the estate of the bankrupt, he was released from his obligation to the bank as indorser.
There is no allegation and no sufficient proof that the bank was influenced to act by Cooke. "Wherefore, in view of the law and facts of the case, the peremptory instruction in favor of the appellee was proper.
Judgment affirmed.