Boynton, J.
The defendant in error contends that no question arises upon the record, because neither party requested the court to state its conclusions of law separately from its conclusions of fact. It is true that section 280 of the civil code does not require the court, where it tries a question of fact, to state its finding specially, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the ease.
Its language is, that it shall not be necessary for the court to state its finding, except generally, unless such request is made. The object of this provision is to give a party a right to require a special finding, by requesting it with the view of excepting to the judgment. But where the court, without such request, finds and states the facts separately, from its conclusions of law, an exception to the judgment rendered upon such finding is as available to the excepting party as if the finding were made at his instance or request. Section 293 provides, that “ where the decision objected to is entered on the record, and the grounds of objection appear in the entry, the exception may be taken by the party causing to be noted, at the end of the decision, that he excepts.”
No bill of exceptions in such case is necessary; and for the reason that the facts disclosing the alleged error are already where it is the office of a bill of exceptions to bring them, namely, upon the record. So, where the case is one in which a party has the right to require a separate finding, by virtue of section 280, and such finding is made, the same thing is accomplished that would have been, if the findings had been made pursuant to a request of the party.
We, however, find, on looking into the record, that there was no error in the judgment of the court. The agreement between Euller, Batdorf & Co. and Peter Batdorf, by which *118 the latter assumed the payment of the note here sued cn, in nowise affected Harner’s liability thereon to the plaintiff below. Counsel for the plaintiff in error are mistaken in the statement that John Batdorf, the holder of the note) accepted Peter Batdorf as principal, and the firm and Earner as sureties. The court found exactly the reverse — that the plaintiff below was not a party to the arrangement, and that he gave no assent to its terms. Hence, the agreement in no manner affected his relation to the paper, nor, as to him, that of the makers.
The attempted payment of the note by Peter Batdorf in land failed by reason of being a fraudulent preference within the bankrupt act. Such payment was necessarily contingent, its validity depending on the non-institution of proceedings in bankruptcy, within four months next succeeding the time of the conveyance. That it operated to discharge the principal makers of the note, no one will pretend. But Hamer contends that he is a mere surety; that, in signing the note individually under the name of the firm, he, to the knowledge of the payee, assumed only the obligations of a surety; and that the acceptance by the plaintiff below of the conveyance of land, had the effect to suspend his right to pay the note, and to proceed against his principal, and hence operated to discharge him from liability thereon. But the fact must not be overlooked that as a member of the firm of Puller, Batdorf & Co., he was a principal maker of the note; hence, if by his individual signature he became a surety only, he occupied the anomalous position of being, at once, both the principal debtor and surety on the same instrument. But, if he were a surety only, and not a principal maker, the result would be the same. "What appeared to be a payment of the note turned out to be illusory. In legal effect, it was a mere transfer of title to the land, to John Batdorf, for the use of the assignee in bankruptcy. But instead of being an act injurious to Earner, it was calculated to benefit him. Had no proceedings in bankruptcy been instituted, the debt would have been paid. The only consequence which the bankrupt act *119 attaches to the fraudulent conveyance is, to declare it void, and to subject the property conveyed to the payment of the debts of the insolvent debtorand if the creditor accepting the preference, although with knowledge of the debtor’s insolvency, surrender the property received, as was here done, to the assignee, he may still prove his claim against the bankrupt’s estate. Rev. Stat. TJ. S., § 5084. The law does not hold the creditor bound by the payment, where he has surrendered the property to the estate, from the mere fact that he had knowledge of the debtor’s insolvency. Pritchard v. Hitchcock, 6 Mann. & Gran. 151; Watson v. Poague, 42 Iowa, 582 ; Brandt on Suretyship and Guaranty, § 290.

Judgment affirmed.